**Ninder SINGH, Petitioner,**

v.

---

*** The Honorable Kevin Thomas Duffy, Senior United States District Judge for the Southern District of New York, sitting by designation.

**** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Peter D. KEISLER *, Acting Attorney General, Respondent.

No. 04–71858.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 18, 2007 **.

Filed Oct. 22, 2007.

Inna Lipkin, Esq., Law Offices of Kuldip Singh Dhariwal, Fremont, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service Laguna Niguel, CA, Leslie McKay Fax, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: ALARCÓN and TALLMAN, Circuit Judges, and DUFFY ***, Senior Judge.

MEMORANDUM ****

Ninder Singh ("Singh"), a native and citizen of India, petitions for review of the Board of Immigration Appeals's ("BIA") affirmance of an Immigration Judge's ("IJ") order denying his applications for asylum and withholding of removal and for protection under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. We review the BIA's decision for substantial evidence, see Ramos–Vasquez v. INS, 57 F.3d 857, 861 (9th Cir.1995), and we deny the petition for review.

The BIA's adverse credibility finding is supported by substantial evidence in that it rests on inconsistencies between Singh's asylum application and oral testimony regarding the shooting he claims to have witnessed. According to Singh, it was the investigation into the murder by a passenger in Singh's taxi that led to his four

* Peter D. Keisler is substituted for his predecessor, Alberto R. Gonzales, as Acting Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

*** The Honorable Kevin Thomas Duffy, Senior United States District Judge for the Southern District of New York, sitting by designation.

**** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

arrests; thus the inconsistencies go to the heart of his claim. *See de Leon–Barrios v. INS*, 116 F.3d 391, 393–94 (9th Cir.1997). Singh's inability to explain the discrepancies related to the shooting further supports the adverse credibility finding.

In the absence of credible testimony, Singh failed to demonstrate eligibility for asylum, withholding of removal or relief under the CAT. *See Farah v. Ashcroft*, 348 F.3d 1153, 1157 (9th Cir.2003). In any event, the BIA had an alternative ground for its action since Singh's "arrests and questioning" were all the result of police investigation into the murder, not persecution for one of the reasons enumerated by the statute.

**PETITION FOR REVIEW DENIED.**